Ryan Lee
Law Offices of Ryan Lee, PLLC
7272 E. Indian School Rd.
Suite 540
Scottsdale, AZ 85251
Phone: (323) 524-9500
Fax: (323) 524-9502
ryan@ryanleepllc.com
Attorney for Plaintiff,
Mary Espinoza

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| MARY ESPINOZA,<br><br>Plaintiff,<br><br>v.<br><br>FDS BANK d/b/a MACY'S, INC.,<br><br>Defendant. | No.<br><br>**Plaintiff's Complaint** |

Plaintiff, MARY ESPINOZA, ("Plaintiff") files this lawsuit for damages, and other legal and equitable remedies, resulting from the illegal actions of FDS BANK d/b/a MACY'S, INC. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

**JURISDICTION AND VENUE**

1. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

2. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. Defendant conducts business in Apache Junction, Pinal County, Arizona.

4. Venue and personal jurisdiction in this District are proper because Defendant transacts business in this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

5. Plaintiff, is a resident of Apache Junction, Pinal County, Arizona.

6. Defendant is based in Mason, Ohio.

**FACTUAL ALLEGATIONS**

7. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone number ending in 2510 to collect on Plaintiff's alleged debt.

8. All of the telephone calls Defendant made to Plaintiff were an attempt to collect on Plaintiff's alleged debt.

9. None of the calls Defendant made to Plaintiff were for an emergency purpose.

10. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone from 513-573-7978, which is one of Defendant's telephone numbers.

11. On April 3, 2017, Agruss Law Firm, LLC, mailed Defendant a letter to P.O. Box 8214, Mason, Ohio, 45040, which is an address that was previously provided by Defendant on April 6, 2016.

12. The aforementioned letter requested Defendant stop calling Plaintiff's cellular telephone. *See* Exhibit A.

13. Despite receiving the letter from Agruss Law Firm, LLC, Defendant continued to call Plaintiff's cellular telephone over 200 times.

14. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

15. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

16. Sometime in April, 2017, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

17. Even if at one point Defendant had permission to call Plaintiff's cellular telephone, Plaintiff revoked this consent in writing.

18. The Federal Communications Commission's Declaratory Ruling and Order dated July 10, 2015, makes clear that consumer may revoke consent through any reasonable means, either orally or in writing.  *See* 2015 FCC Order, ¶¶55, 64.

19. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

20. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

21. Within 4 years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone in predictive mode.

22. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

23. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

24. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

25. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

26. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

27. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects

telephone numbers to be called according to a protocol or strategy entered by Defendant.

28. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

29. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

30. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

   a. Invading Plaintiff's privacy;

   b. Electronically intruding upon Plaintiff's seclusion;

   c. Intrusion into Plaintiff's use and enjoyment of her cellular telephone;

   d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of her cellular telephone;

   e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls

**DEFENDANT VIOLATED THE
TELEPHONE CONSUMER PROTECTION ACT**

31. Defendant's conduct violated the TCPA by:

   a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, MARY ESPINOZA, respectfully requests judgment be entered against Defendant, FDS BANK d/b/a MACY'S, INC., for the following:

4

32. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

33. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

34. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

35. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: June 30, 2017        By:/s/ Ryan Lee _____
                               Ryan Lee
                               Law Offices of Ryan Lee, PLLC
                               Attorney for Plaintiff